PER CURIAM.
Appellants seek reversal of an order dismissing their complaint for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e).
On July 30, 1982, appellants filed a complaint against appellees Ralph Buick, Inc. (Ralph Buick), Tom Endicott Buick, Inc. (Endicott Buick) and General Motors Corporation (General Motors). The sheriff filed the summons and sheriff’s returns for En-dicott Buick on August 10, 1983, General Motors on August 24, 1983 and Ralph Buick on September 12, 1983. On August 23, 1983, Ralph Buick and Endicott Buick filed a joint motion to dismiss appellants’ complaint. On September 13, 1983, General Motors also moved to dismiss the complaint. Ralph Buick and Endicott Buick asserted as grounds for dismissal that appellants failed to serve their complaint and summons within one year after filing suit. No hearing or other action occurred in this matter for more than a year. October 17, 1984, General Motors renewed its motion to dismiss and on October 23, 1984, Ralph Buick also renewed its motion to dismiss. Appellees’ renewed motions alleged that
As a matter of law, the complaint of plaintiffs should be dismissed for lack of prosecution. Although the complaint was filed on July 30,1982, this defendant was not served with process until August 22, 1983, more than one year after the filing of the complaint. Such a delay mandates the dismissal of this cause for lack of prosecution under Rule 1.420(e) of the Florida Rules of Civil Procedure.
The trial court entered its order granting appellees’ motion to dismiss. We cannot tell from the trial court’s order whether it dismissed these cases for lack of prosecution based upon appellees’ renewed motions to dismiss or on the motions to dismiss which appellees initially filed. However, since none of the motions filed by appellees furnished a basis for dismissal for lack of prosecution under Rule 1.420(e), Florida Rules of Civil Procedure, we do not need to resolve this ambiguity in the trial court’s order.
Ralph Buick and Endicott Buick initially moved to dismiss based upon appellant’s failure to serve the complaint within one year. They did not allege a lack of record activity for more than twelve months nor did they assert Rule 1.420(e) as a basis for their motion. General Motors asserted a failure to state a cause of action and the statute of limitations as grounds for its motion to dismiss. Therefore, the initial motions to dismiss did not assert a factual basis which would invoke the provisions of Rule 1.420(e). Additionally, the sheriff had filed the summons and returns for service of process on Endicott Buick and General Motors prior to the time that they moved to dismiss. The filing of a sheriff’s return of process constitutes record activity sufficient to preclude dismissal for lack of prosecution. See Hale v. Hart Properties, Inc., 436 So.2d 1093 (Fla. 3d DCA 1983).
Next we address the renewed motions to dismiss. The renewed motions again alleged only a failure to prosecute during the time which lapsed between the filing of the complaint and the filing of the sheriff’s returns and summons. Although more than twelve months elapsed from the time of the last record activity, September 13, 1983, until General Motors and Ralph Buick filed their renewed motions to dismiss on October 17 and 23, 1984, appellees did not allege this time period as the basis for the renewed motions. Rather, they relied upon the time that expired between the filing of the complaint and the filing of the returns of process and summons, which record activity precluded dismissal for lack of prosecution during this time period. Therefore the renewed motions to dismiss *579 also failed to state a basis for dismissal for want of prosecution under Rule 1.420(e).
We reluctantly reverse the trial court’s order dismissing this case for lack of prosecution and remand this cause for further proceedings.
REVERSED and REMANDED.
HERSEY, C.J., DELL, J., and HURLEY, DANIEL T.K., Associate Judge, concur.